UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Talisha J. Foster,                               Case No. 3:25-cv-23

            Plaintiff,

v.                                                   MEMORANDUM OPINION
                                                                AND ORDER

David Sohn, *et al.*,

            Defendants.

### I.     BACKGROUND

*Pro se* Plaintiff Talisha J. Foster, a Michigan resident, has filed a complaint in this action pursuant to 42 U.S.C. § 1983 against the State of Ohio, the University of Toledo Medical Center ("UTMC"), and Orthopedic Doctor David Sohn, an employee of UTMC. (Doc. No. 1 at 1).

In her complaint, she alleges constitutional violations and state-law claims "arising from defendants' [alleged] gross negligence, medical malpractice, deliberate indifference, intentional misconduct, and spoliation of evidence" in connection with a knee surgery she received, and that was performed by Dr. Sohn, at UTMC. (*Id.* at 8). She seeks compensatory and punitive damages as well as other relief.

Plaintiff originally filed her complaint in the United States District Court for Eastern District of Michigan, which transferred the action here pursuant to 28 U.S.C. § 1406(a). (*See* Doc. No. 7). After the action was transferred, Plaintiff filed motions to proceed *in forma pauperis*, (Doc. No. 10), for appointment of counsel, (Doc. No. 11), and for a ruling on her motions. (Doc. No. 12). She

then filed a motion to supplement her motion to proceed *in forma pauperis*, (Doc. No. 13), and a motion for leave to file a second amended complaint. (Doc. No. 14).

Plaintiff's motion to proceed *in forma pauperis* is granted and her motion to supplement is denied as moot. For the following reasons, I deny her motion for leave and dismiss her complaint.

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction and have a duty to examine their jurisdiction in every case. Fed. R. Civ. P. 12(h)(3). I do not have jurisdiction over Plaintiff's suit. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities in federal court, unless the state has given its express consent to suit. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983). The State of Ohio has not waived its Eleventh Amendment immunity in federal court. *Johns v. Sup. Ct. of Ohio*, 753 F.2d 524 (6th Cir. 1985).

The Eleventh Amendment bars all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments and instrumentalities, as well as suits which essentially seek money damages from the state. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Claims against state employees in their official capacities are in effect claims for money damages against the state and are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citations omitted). And where, as here, a plaintiff does not clearly specify that a state official is sued in his individual capacity, the court assumes the official is being sued in his official capacity only. *Wells v. Brown*, 891 F.2d 591, 592-94 (6th Cir. 1989).

Accordingly, the Eleventh Amendment bars federal-court jurisdiction over Plaintiff's claims against the State of Ohio, UTMC, and Dr. Sohn. *See, e.g., McCormick*, 693 F.3d at 661 (holding that claims against Miami University and its employees in their official capacities are barred by the Eleventh Amendment); *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 307 (6th Cir. 1984) (holding a plaintiff's complaint against the Medical College of Ohio at Toledo and the president and dean of the institution in their official capacities was barred).

Furthermore, it would be futile to allow Plaintiff to amend her complaint to specify whether she sues Dr. Sohn in his individual capacity. Ohio Revised Code § 9.86 confers immunity on Ohio state officers and employees and provides that "no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." And only the Ohio Court of Claims has the authority to make that determination. *See McCormick,* 693 F.3d at 664–65.

As it is clear from Plaintiff's pleading that the Ohio Court of Claims has not determined that Dr. Sohn is not entitled to immunity,[1] I lack subject-matter jurisdiction over any state-law claims Plaintiff may assert against Dr. Sohn in his individual capacity. *Id.* at 665 (holding that district court lacked jurisdiction to hear state claims against individual state defendants where there was no evidence that the Ohio Court of Claims determined the defendants were not entitled to immunity).

Plaintiff also could not amend her complaint to allege a plausible federal constitutional claim against Dr. Sohn. It is well-established that medical negligence or malpractice, which is the most

---

[1] Plaintiff represents in her pleading that she voluntarily withdrew an action she filed in the Ohio Court of Claims in connection with Dr. Sohn's conduct after her attorney withdrew from representing her in the Ohio Court of Claims. (*See* Doc. No. 1 at 21.)

3

Plaintiff's complaint suggests, are state-law tort claims insufficient to state a plausible constitutional claim for relief under § 1983. *See Bolden v. Univ. Hosp. Cleveland*, Case No. 1:22-cv-380, 2022 WL 1987348, at *1 (N.D. Ohio June 6, 2022) (dismissing *pro se* action against medical providers for "discrimination, negligence, infringement, and/or malpractice of his Civil Rights").

Plaintiff's motion for leave to file a second amended complaint fails for the same reasons. While she seeks to add other medical providers as defendants and offers the conclusory allegation that they acted "outside their duties as public employees," (Doc. No. 14-1 at 1), the Ohio Court of Claims has not made that determination, and I am not permitted to do so. Therefore, I deny her motion for leave. (Doc. No. 14).

### III. CONCLUSION

For the reasons stated above, I grant Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 10), and deny her motion to supplement, (Doc. No. 13), as moot. I deny her motion for leave to file a second amended complaint, (Doc. No. 14), and deny her motion for a ruling, (Doc. No. 12), as moot. Plaintiff's complaint is dismissed for failure to allege a plausible claim over which I may exercise subject-matter jurisdiction.

I further certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge